```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PARADIGM BIODEVICES, INC.                        :
                                                 :
                        Plaintiff,               :
                                                 :        11 Civ. 3489 (JMF)
        -v-                                      :
                                                 :        MEMORANDUM
CENTINEL SPINE, INC.                             :        OPINION AND ORDER
and JOHN J. VISCOGLIOSI,                         :
                                                 :
                        Defendants.              :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/17/13

JESSE M. FURMAN, District Judge:

By letter dated January 9, 2013, Defendants sought an order requiring Plaintiff to produce a draft report prepared by Zolfo Cooper (the "Report"), an entity appointed by an English court as liquidator of Surgicraft, and other communications with Zolfo Cooper. (Docket No. 122). Defendants indicated that Plaintiff was withholding the materials on the ground that Plaintiff had retained Zolfo Cooper as an expert for this litigation and that Zolfo Cooper had produced the Report in that capacity. Defendants contended that in determining whether documents should be produced when a person or entity acts in a dual capacity as an expert and non-expert, however, "any ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery." (*Id.* at 2 (quoting *B.C.F. Oil Ref. v. Consolidated Edison Co.*, 171 F.R.D. 57, 62 (S.D.N.Y. 1997)).

In its responsive letter, dated January 11, 2013, Plaintiff did not take issue with this standard. Instead, it maintained that "[t]here is no ambiguity in Zolfo Cooper's role in connection with the draft report. Zolfo Cooper has been retained as an expert by Paradigm in this case, the draft report was generated in connection with that engagement,

and, therefore, the draft report is subject to the protection of Fed. R. Civ. P. 26(b)(4)(C) and should not be ordered produced." (Docket No. 123). By endorsement, the Court directed Plaintiff to submit the Report for the Court's *in camera* review. (*Id.*). On January 17, 2013, the Court received the Report, which will be maintained under seal for purposes of the record in this case.

Having reviewed the Report *in camera*, the Court hereby orders that it must be produced to Defendants no later than January 23, 2013. There are various indications in the Report that Zolfo Cooper produced the Report in its capacity as liquidator, including:

- The description of the "status of work," which begins by stating that "Peter Saville and Anne O'Keefe were appointed as Liquidators of Surgicraft following a request by the [Official Receiver] on behalf of Paradigm, Surgicraft's main creditor" and includes the following statement: "Our case progression team has completed its handover with the [Official Receiver]. The team has commenced work and several tasks are in the process of being completed to ensure compliance with the Liquidators' duties, including" letters to creditors, fee undertaking letter, filing tax returns, and petitioning creditors' costs (Report at 6);

- A section titled "Liquidators' remedies," which identifies claims that the liquidator could bring under *English* law (Report at 13-14); and

- A section titled "Findings and next steps," which includes "[s]ubject to independent legal advice . . . observations in respect of the potential claims which may be brought by the Liquidator" under *English* law (Report at 15-18).

By contrast, Plaintiff has pointed to no statement, let alone clear statement, that the Report was produced in Zolfo Cooper's capacity as an expert retained for purposes of this litigation; indeed, the Report does not appear to mention that fact at all. At a minimum, there is "ambiguity as to the role played" by Zolfo Cooper, which calls for disclosure. *B.C.F. Oil Ref.*, 171 F.R.D. at 62.

For the foregoing reasons, the Court concludes that there is no basis to withhold the draft report pursuant to Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure and directs that Plaintiff disclose it to Defendants no later than January 23, 2013. The parties

are directed to confer with respect to any other communications with Zolfo Cooper in light of this ruling. If, after the parties confer, there are any further disputes with respect to disclosure, Plaintiff shall promptly submit the relevant material to the Court for its *in camera* review.

SO ORDERED.

Dated: January 17, 2013
      New York, New York

                                       JESSE M. FURMAN
                                       United States District Judge